**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2855
_____

UNITED STATES OF AMERICA

v.

RAYMOND MAINOR,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-06-cr-00140-001)
District Judge:  Honorable Wendy Beetlestone
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 3, 2020
Before:  AMBRO, GREENAWAY, JR., and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 7, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Raymond Mainor appeals the District Court's order granting in part and denying in part his motion for a reduction of sentence under 18 U.S.C. § 3582(c). We will affirm the District Court's judgment.

In 2008, pro se appellant Raymond Mainor was convicted of the following drug and firearm offenses:

- Count 1: possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)
- Count 2: possession with intent to distribute five kilograms or more of cocaine in a school zone in violation of 21 U.S.C. § 860(a)
- Count 3: possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)
- Count 4: possession with intent to distribute 500 grams or more of cocaine in a school zone in violation of 21 U.S.C. § 860(a)
- Count 5: possession with intent to distribute five grams or more of crack in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)
- Count 6: possession with intent to distribute five grams or more of crack in a school zone in violation of 21 U.S.C. § 860(a)
- Count 7: possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)
- Count 8: possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1)
- Count 9: distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C)
- Count 10: distribution of cocaine in a school zone in violation of 21 U.S.C. § 860(a)

ECF No. 161 (judgment) at 1–2. The Court treated the drug offenses from counts 1, 3, 5, and 9 as lesser-included offenses of counts 2, 4, 6, and 10, respectively. See id. at 1. The Court then sentenced Mainor to concurrent terms of 20 years' imprisonment on counts 2, 4, 6, and 10; a concurrent term of 10 years' imprisonment on count 8; and a consecutive

2

term of 5 years' imprisonment on count 7, for a total term of 25 years in prison. See id. at 3. The Court also imposed 20 years of supervised release as to counts 2, 4, 6, and 10, and 3 years of supervised release as to counts 7 and 8, all to run concurrently. See id. at 4. Mainor appealed, and we affirmed. See United States v. Mainor, 393 F. App'x 10 (3d Cir. 2010).

Since the time of Mainor's sentencing, there have been two relevant amendments to the sentencing statute. First, in 2010, the Fair Sentencing Act reduced the penalties for crack offenses like Mainor's (involving less than 28 grams of crack and occurring after a prior qualifying conviction) to eliminate the mandatory minimum and set a statutory maximum of 30 years. See 21 U.S.C. § 841(b)(1)(C) (2010); see generally Dorsey v. United States, 567 U.S. 260, 269 (2012).[1] It did not, however, change the sentencing range for his offenses involving cocaine. See 21 U.S.C. § 841(b)(1)(A)(ii), (b)(1)(B)(ii), (b)(1)(C). And it applied only to defendants sentenced after August 3, 2010. See Dorsey, 567 U.S. at 282. Second, in 2018, the First Step Act made certain provisions of the Fair Sentencing Act retroactive, including its reduction of sentences for crack offenses. See First Step Act of 2018, § 404, Pub. L. No. 115-391, 132 Stat. 5194, 5222; see also United States v. Jackson, -- F.3d ---, No. 19-2499, 2020 WL 3563995, at *2 (3d Cir. July 1, 2020).

_____

[1] The distribution-in-a-school-zone statute does prescribe a one-year mandatory minimum. See 21 U.S.C. § 860(a).

Based on these statutory changes, Mainor filed a motion for a reduction of sentence under 18 U.S.C. § 3582(c). The District Court denied the motion in part and granted it in part. The Court determined that, while Mainor was eligible for a reduced term of imprisonment for his crack offense (count 6), it would decline to use its discretion to adjust that sentence because it would not affect Mainor's total time in prison. The Court explained, "even if Mainor's ten-year[2] sentence on the crack charge were lowered, the twenty-year mandatory minimum for his powder cocaine offenses would remain unchanged." ECF No. 254 (Dist. Ct. Op.) at 6–7. The Court did, however, reduce Mainor's term of supervised release. The Court stated that Mainor had been sentenced to consecutive ten-year terms of supervised release: "a ten-year term for his powder cocaine offense, the statutory minimum, and a ten-year term for his crack cocaine offense." Id. at 7. The Court reduced the term of supervised release for the crack offense to 6 years, for a total term of 16 years. See ECF No. 258 (amended order). Mainor appealed.

We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We review the District Court's order for abuse of discretion. See Jackson, 2020 WL 3563995, at *2; see also United States v. Sutton, -- F.3d ---, No. 19-2009, 2020 WL 3428076, at *6 (7th Cir. June 23, 2020) ("A district court has broad discretion in addressing a First Step Act motion.").

_____

[2] As we discuss below, the District Court incorrectly recounted the length of some of Mainor's terms of imprisonment and supervised release.

4

On appeal, Mainor argues that we should vacate the District Court's order because the Court misstated the length of the terms of imprisonment and supervised release at issue.[3] We agree (as does the Government) that the District Court's recitation was inaccurate: Mainor's term of imprisonment for the crack offense is 20 years, not 10, and he is subject to concurrent 20-year terms of supervised release, not consecutive 10-year terms. See ECF No. 161 (judgment).

However, we conclude that the District Court's error is harmless. "A non-constitutional error is harmless when it is highly probable that the error did not prejudice the defendant." United States v. Zabielski, 711 F.3d 381, 387 (3d Cir. 2013) (alteration omitted) (quoting United States v. Langford, 516 F.3d 205, 215 (3d Cir. 2008)); see also Williams v. United States, 503 U.S. 193, 203 (1992) (explaining that error is harmless if it "did not affect the district court's selection of the sentence imposed"); United States v. Flowers, -- F.3d ---, No. 19-3742, 2020 WL 3428073, at *4 (6th Cir. June 23, 2020) (applying harmless error on appeal of district court's denial of motion to reduce sentence under First Step Act). The District Court made clear that the reason it declined to reduce Mainor's term of imprisonment on the crack count was because "nothing the Court does

---

[3] We will consider only the issue that Mainor raised in his opening brief. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court." (quotation marks, alteration omitted); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants").

as to Mainor's crack sentence will affect the total time he spends incarcerated." ECF No. 254 at 7. That rationale is not affected by the fact that the crack sentence is actually the same length as, and not shorter than, the other sentences. Thus, we will not disturb the District Court's denial of this part of Mainor's motion.

Likewise, Mainor has made no effort to show that the District Court's inaccuracy regarding the length of his terms of supervised release prejudiced him. We agree with the Government that Mainor was not harmed by the District Court's order "reduc[ing] the total term of supervised release from 20 years to 16 years." Gov't Br. at 21.[4]

Accordingly, we will affirm the District Court's judgment.

---

[4] If anything, the Court's error may have prejudiced the Government, but since the Government did not file a cross-appeal (or otherwise object), we need not explore that matter further. See Greenlaw v. United States, 554 U.S. 237, 240 (2008); United States v. Gutierrez-Ceja, 711 F.3d 780, 783 (7th Cir. 2013).